Totten, J.,
delivered the opinion of the court.
This case is an issue dmisavit ml non on a writing that purports to be the will of William P. North, deceased. He made and published the writing as his will when only eighteen years of age, and shortly after died. It was held to be a valid will as to the personal estate, and Davis, the contestant, appealed in error.
The error assigned, is, that an 'infant under twenty-one years of age is not legally competent to make a *479 will. It is to be observed tbat - we have no statute provision on this subject. We must, therefore, recur to the common law for a rule of decision. There is some conflict of opinion among the writers upon ancient common law, on this subject; but the better opinion is, and so it has long been held, that an infant may make a testament of chattels, if a male, at the age of fourteen; and if a female, at the age of twelve years.
Thus Mr. Kent: “Testaments of chattels might, at common law, be made by infants at the age of fourteen, if males; and twelve, if females.” 4 Kent Com., 506. 1 Will, on Ex., 15. 2 Bl. Com., 479. 1 Jarman on Wills, 28.
It is true that this rule, derived originally from the civil law, is the rule of the English ecclesiastical courts having jurisdiction of the subject of wills and intes-tates’ estates. And their rules of decision upon those subjects have been received and admitted by immemorial usage as a part of the unwritten, or customary law of England; recognized and sanctioned in the common law courts at Westminster. 1 Bl. Com., 80. 1 Will, on Ex., 15.
So that those rules of decision have become incorporated into, and. form a part of the common law of England, which as a system of law has been admitted and adopted here, so far as was consistent with the nature and genius of our institutions.
Hence, in testamentary cases, oui* courts constantly recur to the reported judgments of the ecclesiastic courts in similar cases, for rules of decision. Thus, it has been held that two witnesses are necessary to prove and establish a will, a rule derived from the ecclesiasti *480 cal law on this subject. More vs. Steele, 10 Humph. Rep., 562.
In this view, and for these reasons, we regard the rule in question as a part of the common law in force and use in this State.
Judgment affirmed.